AMSL LEGAL GROUP, LLP
Starlet J. Japp (State Bar No. 243097)
Chris C. Chapman (State Bar No. 234738)
Tanya C. McCullah (State Bar No. 279614)
400 Exchange, Suite 100
Irvine, California 92602
Telephone:  949-265-9940
Facsimile: 949-236-5567

Attorneys for Defendant,
RESIDENTIAL CREDIT SOLUTIONS, INC.

**UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHAD MORRIS,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>RESIDENTIAL CREDIT SOLUTIONS, INC; BANK OF AMERICA CORPORATION, and DOES 1 TO 100, inclusive,<br><br>　　　　　Defendants. | Case No.:  2:14-cv-01460-TLN-CKD<br><br>*Assigned to Hon. Troy L. Nunley*<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**[FRCP 12(b)(6)]**<br><br>[Request for Judicial Notice and Proposed Order filed concurrently herewith]<br><br>Date:   August 28, 2014<br>Time:  2:00 p.m.<br>Ctrm:  2 - 15th Floor |

///

///

///

///

NOTICE OF MOTION TO DISMISS AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on August 28, 2014, at 2:00 p.m., or as soon thereafter as may be heard in Courtroom 2, 15th floor, of the above entitled Court, located at 501 I Street, Sacramento, CA 92814, or otherwise as may be directed by the Court, defendant RESIDENTIAL CREDIT SOLUTIONS, INC. ("RCS" or "Defendant") will hereby move this Court to dismiss the Complaint of Plaintiff CHAD MORRIS ("Plaintiff").

This Motion is brought pursuant to Federal Rule of Civil Procedure 12(b)(6) on that grounds that the Complaint fails to state a claim upon which relief may be granted. The Motion is based upon this Notice, the attached Memorandum of Points and Authorities, the concurrent Request for Judicial Notice, any reply thereto, and upon all papers and documents on file herein, the Court's files concerning this action, together with those facts and documents of which the parties request judicial notice and/or matters which judicial notice is proper, as well as any oral argument that may be presented at the time of the hearing.

Dated:  June 25, 2014                                       AMSL LEGAL GROUP, LLP

                                                            By: /s/ Tanya C. McCullah
                                                                Tanya C. McCullah, Esq.
                                                                Attorneys for Defendant,
                                                                RESIDENTIAL CREDIT
                                                                SOLUTIONS, INC.

---

NOTICE OF MOTION TO DISMISS AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

2

# TABLE OF CONTENTS

I.   INTRODUCTION .................................................................................................. 1

II.  FACTUAL BACKGROUND ............................................................................... 2

III. ARGUMENT ........................................................................................................ 2

    A.   Plaintiff's "Claim" For Injunctive Relief Fails Because It Is A Remedy, And Because Plaintiff Failed To Allege Any Facts Demonstrating That He Is Entitled To The Requested Relief. ................................................................................ 2

        1.   Plaintiff's "claim" fails because injunctive relief is a remedy. ........... 3

        2.   Plaintiff failed to sufficiently allege any violation of the "Consumer Financial Protection Bureau Act of 2010." ........................................................ 3

        3.   Plaintiff failed to sufficiently allege any violation of Civil Code section 2924.11. ............................................................................................... 6

        4.   Plaintiff's Second Claim for Fraud claim fails because Plaintiff did not sufficiently allege any wrongdoing by RCS with the required specificity. . 7

IV.  CONCLUSION .................................................................................................... 9

## **MEMORANDUM OF POINTS AND AUTHORITIES:**

### **I.   INTRODUCTION**

Plaintiff Chad Morris's ("Plaintiff") Complaint is an improper attempt to delay and hinder a rightful non-judicial foreclosure sale. Plaintiff admits that he defaulted on his Loan obligation a year before Defendant Residential Credit Solutions, Inc. ("Defendant" or "RCS") recorded a Notice of Default. Despite this admission, Plaintiff frivolously contends that he is entitled to enjoin the foreclosure sale because RCS purportedly recorded the Notice of Default while Plaintiff had a loss mitigation application pending (i.e., "dual-tracking") in purported violation of the "Consumer Financial Protection Bureau Act of 2010" and Civil Code section 2924.11. Plaintiff's two claims fail as alleged.

Plaintiff's first claim for injunctive relief fails because injunctive relief is a remedy, not a cause of action. In addition, Plaintiff failed to sufficiently allege that he is entitled to the requested relief. Indeed, Plaintiff did not and cannot allege a violation of the "Consumer Financial Protection Bureau Act of 2010" because no such actual act exists to support a claim. To the extent that Plaintiff's request for injunctive relief could be supported on the loss mitigation regulations recently enacted by the Consumer Financial Protection Bureau and Title 10 to the Dodd-Frank Act, Plaintiff's claim fails because injunctive relief is not an available remedy for a violation of these regulations, nor did Plaintiff sufficiently allege any violation of these regulations by Defendant. In addition, Plaintiff's contention that Defendant violated the provisions of Civil Code section 2924.11 fail to state a claim because the statute's provisions are only applicable in situations where a borrower has been approved in writing for a loss mitigation option, which is not the case here. Accordingly, Plaintiff's first claim for injunctive relief fails.

Plaintiff's second claim for fraud fails because Plaintiff has failed to allege the "who, what where, how" requirements of pleading fraud, pursuant to FRCP

NOTICE OF MOTION TO DISMISS AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1

Rule 9(b). For all these reasons, and for the reasons stated below, RCS respectfully requests that its Motion to Dismiss be granted, with prejudice.

## II.   FACTUAL BACKGROUND

On or about August 16, 2005, Plaintiff obtained a loan in the amount of $415,200.00 from Countrywide Home Loans, Inc. (the "Loan") to purchase the real property located at 21 Riverscape Court, Sacramento, CA 95833 (the "Property"). (Request for Judicial Notice ("RJN"), **Exhibits A** and **B**.) The Loan was secured with the Property by a recorded Deed of Trust. (RJN, **Exhibit B**.) On June 4, 2013, an Assignment of Deed of Trust was recorded, referencing the transfer of the Loan and Deed of Trust to the Bank of New York Mellon FKA The Bank of New York as Trustee for the Certificateholders of CWMBS, INC., CHL Mortgage Pass-Through Trust 2005-23, Mortgage Pass-Through Certificates, Series 2005-23 ("BONY"). (RJN, **Exhibit C**.) On January 22, 2014, a Substitution of Trustee was recorded, substituting First American Title Insurance Company ("First American") as trustee under the Deed of Trust. (RJN, **Exhibit D**.) On or about February 1, 2013, Plaintiff stopped making Loan payments. (Complaint, ¶11; see also, RJN, **Exhibit E**.) As a result, on February 26, 2014, First American recorded a Notice of Default. (RJN, **Exhibit E.**) On May 29, 2014, First American recorded a Notice of Trustee's Sale, setting a sale date for June 18, 2014. (RJN, **Exhibit F**.) The sale was subsequently postponed and has not yet taken place.

## III.   ARGUMENT

**A. Plaintiff's "Claim" For Injunctive Relief Fails Because It Is A Remedy, And Because Plaintiff Failed To Allege Any Facts Demonstrating That He Is Entitled To The Requested Relief.**

In his first claim, Plaintiff requests that the Court issue an injunction, requiring RCS to cease with the foreclosure process until a determination has been

made regarding Plaintiff's loss mitigation application. (Complaint, 5:24-25.) Plaintiff's "claim" for injunctive relief fails, however, because it is a remedy rather than a viable cause of action. In addition, Plaintiff's claim also fails because Plaintiff did not sufficiently allege any facts demonstrating that he is entitled to the requested relief.

### 1. Plaintiff's "claim" fails because injunctive relief is a remedy.

Plaintiff's claim for injunctive relief fails because injunctive relief is not considered to be a viable cause of action in California. See, *Hafiz v. Greenpoint Mortg. Funding, Inc.* (N.D. Cal., 2009), 652 F.Supp.2d 1039, 1049 ("injunctive relief is a remedy which must rely upon underlying claims. If plaintiff seeks injunctive relief, she should request it as part of her prayer for relief."). Here, because injunctive relief is a remedy rather than a viable claim, Plaintiff's first "claim" for injunctive relief fails should be dismissed with prejudice.

### 2. Plaintiff failed to sufficiently allege any violation of the "Consumer Financial Protection Bureau Act of 2010."

Notwithstanding the above, Plaintiff's first claim also fails also because Plaintiff did not sufficiently allege that he is entitled to the requested relief. Plaintiff contends that he is entitled to enjoin the entire foreclosure process because RCS purportedly recorded the Notice of Default while Plaintiff was being considered for a Loan modification (i.e., "dual-tracking"), in purported violation of the Consumer Financial Protection Bureau Act of 2010 and Civil Code section 2924.11. (Complaint, ¶¶20-23). However, Plaintiff's allegations are insufficient to demonstrate any statutory violation by RCS.

Plaintiff contends that RCS commenced foreclosure in purported violation of the "Consumer Financial Protection Bureau Act of 2010." (Complaint, ¶¶17, 21.) There is no such actual act. Title 10 to the Dodd-Frank Act is referred to as

NOTICE OF MOTION TO DISMISS AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT
3

the "Consumer Protection Act of 2010." However, Plaintiff has failed to allege which provision of the alleged Act RCS purportedly violated. *Id*. Indeed, Plaintiff failed to allege any facts demonstrating that such an Act even exists. Plaintiff's vague allegation that RCS purportedly breached an unspecified provision of the Act is insufficient to meet the minimum pleadings requirements of FRCP Rule 8. *Gonzalez v. DHI Mortg. Co., Ltd*., 2009 WL x, at * (N.D. Cal., 2009) ("plaintiffs generally allege that 'defendants' breached some unspecified professional duties and obligations. Such pleading does not give IndyMac fair notice of the claim and the grounds upon which it rests.") *Id*.  For this reason alone, Plaintiff's allegation fails.

In addition, Plaintiff's allegation is equally insufficient to the extent Plaintiff refers to the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010 (the "Dodd-Frank Act," codified as 12 U.S.C. §§5301-5641). This is because the Dodd-Frank Act merely established the Consumer Financial Protection Bureau ("CFPB"). 12 U.S.C. §§5301-5641. The Dodd-Frank Act itself did not set forth any CFPB regulation regarding loss mitigation procedures. *Id*. Instead, in merely establishes that the CFPB shall have the authority to establish such regulations. 12 U.S.C. §5491(a). Accordingly, Plaintiff failed to allege any facts demonstrating that Defendant violated any provision of the Dodd-Frank Act. Thus, Plaintiff did not and cannot allege any facts demonstrating that he is entitled to any injunctive relief based on Defendant's purported violation of the Dodd-Frank Act.

Further, to the extent that Plaintiff's contends that RCS violated the CFPB's recently enacted regulations regarding loss mitigation (effective January 10, 2014, and codified as 12 C.F.R. §1024.41, "Regulation X"), Plaintiff's contention is equally insufficient to support his request for injunctive relief. Section 1041.41(f)(2) provides that, were a borrower has submitted a complete loss

mitigation application, the loan servicer shall not record a notice of default until (a) the loan servicer has sent the borrower notice of the borrower's ineligibility for any loss mitigation option and the borrower's applicable appeal process; (b) the borrower rejects all loss mitigation options offered by the loan servicer; or (c) the borrower fails to perform under an agreement on a loss mitigation option. 12 C.F.R. §1024.41. This regulation may be privately enforced under Section 6(f) of the Real Estate Settlement and Procedures Act ("RESPA"). 12 C.F.R. §1024.41(a). However, section 6(f) of RESPA allows only suits for damages and costs, <u>not</u> injunctive relief. *Cataldi v. New York Community Bank*, 2014 WL 359954, at \*2 (N.D. Georgia, 2014) ("this claim is…inapposite to a request for preliminary injunctive relief."). Thus, Plaintiff's request for injunctive relief based on Defendant's purported violation of section 1041.41 fails as a matter of law.

In addition, Plaintiff failed to sufficiently allege any facts demonstrating that RCS violated section 1041.41(f). To the contrary, Plaintiff admits that he has submitted "several" applications for loss mitigation to RCS since around July of 2013, when RCS took over servicing of the Loan. (Complaint, ¶20.) In essence, Plaintiff's contention appears to be that, so long as he remained in the loss mitigation "process" by continuing to submit loss mitigation applications, section 1041.41(f) prevented RCS from ever initiating the foreclosure process and recording the Notice of Default. However, the CFPB foresaw the likelihood that borrowers, such as Plaintiff, would misuse the provisions of section 1041.41 by continuing to submit loss mitigation applications in an effort to forestall rightful foreclosure sales. As a result, section 1041.41(j) expressly provides that a "servicer is only required to comply with the requirements of this section for a single complete loss mitigation application for a borrower's mortgage loan account." 12 C.F.R. §1024.41(a). Here, Plaintiff's alleged facts are simply insufficient to demonstrate that RCS recorded the Notice of Default while

Plaintiff's had an initial and complete loss mitigation application pending. (See, Complaint, generally). Indeed, Plaintiff failed to sufficiently allege that any of his numerous loss mitigation applications were "complete," as RCS was admittedly required to request additional information from Plaintiff. (Complaint, ¶20.) Accordingly, Plaintiff failed to sufficiently allege any violation of section 1041.41 by RCS. Thus, to the extent that Plaintiff's request for injunctive relief is alleged on this basis, Plaintiff's request fails.

### 3. Plaintiff failed to sufficiently allege any violation of Civil Code section 2924.11.

Plaintiff also contends in his Complaint that he is entitled to injunctive relief due to RCS's purported Civil Code §2924.11 violation (i.e., "dual-tracking"). (Complaint, ¶¶21-23.) Plaintiff's allegation fails. Section 2924.11 provides, in pertinent part, that a mortgage servicer, mortgagee trustee, beneficiary, or authorized agent shall not record a notice of default or notice of trustee's sale where a borrower is in compliance with the terms of a written trial plan or has been approved in writing for a foreclosure prevention alternative. *Civ. Code* §§2924.11(a)-(b).

Here, Plaintiff does not allege he was ever approved for a written trial plan or other foreclosure prevention alternative. (See, Complaint, generally). To the contrary, Plaintiff admits that he has not been approved for any loss mitigation option. (Complaint, ¶22.) Thus, section 2924.11 is inapplicable. As a result, Plaintiff cannot allege any violation of section 2924.11 by RCS. Moreover, section 2924.11 applies only to deeds of trust that are secured by owner-occupied residential real property containing no more than four dwelling units. *Civ. Code* §2924.15(a). Here, Plaintiff's Complaint omits any information as to whether Plaintiff resides on the Property; thus, it is impossible to ascertain whether Plaintiff is entitled to any relief under section 2924.11.

NOTICE OF MOTION TO DISMISS AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

6

### 4. Plaintiff's Second Claim for Fraud claim fails because Plaintiff did not sufficiently allege any wrongdoing by RCS with the required specificity.

Plaintiff contends that RCS fraudulently misrepresented its intention to participate in the loss mitigation process. (Complaint, ¶¶24-31.) Plaintiff has failed to allege his fraud claim with the required specificity under Rule 9.

To establish a claim for fraud, Plaintiff must allege facts demonstrating "(1) misrepresentation of a material fact (consisting of false representation, concealment or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to deceive and induce reliance; (4) justifiable reliance on the misrepresentation; and (5) resulting damage…." *Bower v. AT & T Mobility, LLC*, 196 Cal.App.4th 1545, 1557 (2011); see also, *Perlas v. GMAC Mortg., LLC*, 187 Cal.App.4th 429, 434 (2010). Under the heightened pleading requirements of FRCP Rule 9(b), a party must state the circumstances constituting the fraud with particularity. Plaintiff must include the "who, what, when, where, and how" of the fraud. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1006 (9th Cir.2003) (citation omitted). "The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Decker v. Glenfed, Inc.,* 42 F.3d 1541, 1548 (9th Cir. 1994). Additionally, in a fraud action against a corporation, a plaintiff must "allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Khan v. CitiMortgage, Inc*., 975 F.Supp.2d 1127, 1140, quoting *Tarmann v. State Farm Mut. Auto. Ins. Co*., 2 Cal.App.4th 153, 157 (1991). further, where more than one defendant is named in a fraud suit, Rule 9(b) does not allow a plaintiff to simply lump multiple defendants together. *Khan, supra*, 975 F.Supp.2d at 1140. Instead, the plaintiff is required to "differentiate their allegations…and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Id*. (citations omitted).

NOTICE OF MOTION TO DISMISS AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

7

Here, Plaintiff's fraud claim fails because Plaintiff did not allege the purported fraud with the specificity required by Rule 9(b). Plaintiff's contentions are conclusory, vague, general, and factually devoid. Plaintiff failed to satisfy the "who, what, where" requirements of pleading fraud. In addition, Plaintiff failed to meet the specificity requirements for pleading fraud against a corporation, such as RCS. Further, Plaintiff's fraud claim improperly lumps the two defendants together, and does nothing to differentiate between the defendants alleged participation in the fraud. (Complaint, ¶¶25-31.) For these reasons alone, Plaintiff's fraud claims fail.

More importantly, Plaintiff's fraud claims fail because Plaintiff did not and cannot allege the elements of fraud. Plaintiff did not and cannot allege that RCS misrepresented a material fact to Plaintiff with intent to induce Plaintiff's reliance on the representation. Plaintiff contends that RCS misrepresented its intention to participate in the loss mitigation process. (Complaint, ¶25.) However, as Plaintiff himself admits, RCS did participate in the loss mitigation review process and did not record a Notice of Default until February 2014, one year after Plaintiff's admitted default. (Complaint, ¶11; see also, RJN, **Exhibit E**.) Plaintiff is merely speculating as to RCS's intention to participate in the loss mitigation process.

Moreover, Plaintiff did not and cannot allege his actual reliance on RCS's alleged representation or his subsequent damages. "Actual reliance occurs when a misrepresentation is 'an immediate cause of [a plaintiff's] conduct, which alters his legal relations,' and when, absent such representation, 'he would not, in all reasonable probability, have entered into the contract or other transaction.'" *Engalla v. Permanente Medical Group. Inc.*, 15 Cal. 4th 951, 976-977 (1997). Further, Plaintiff did not allege a causal relationship between the purported fraud and Plaintiff's damages. "[A] 'complete causal relationship' between the fraud or deceit and the plaintiff's damages is required. … Causation requires proof that the defendant's conduct was a 'substantial factor' in bringing about the harm to the

NOTICE OF MOTION TO DISMISS AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

8

plaintiff." *Williams v. Wraxall*, 33 Cal. App. 4th 120, 132 (1995). "Deception without resulting loss is not actionable fraud." *Service by Medallion, Inc. v. Clorox Co.*, 44 Cal. App. 4th 1807, 1818 (1996).

Here, Plaintiff contends that he has been damaged by his purported reliance on RCS's alleged misrepresentation(s) because the Property is now subject to foreclosure. (Complaint, ¶¶28, 30.) However, Plaintiff admittedly defaulted on his Loan obligation <u>before</u> he purportedly began the modification process. (Complaint, ¶11.) Thus, Plaintiff cannot allege that the foreclosure is the result of RCS's purported misrepresentation(s) during the Loan modification process. To the contrary, any prejudice that Plaintiff claims to have suffered resulted solely from his undisputed failure to make payments under his Loan obligation, not due to any alleged wrongdoing by Defendant. Thus, Plaintiff's fraud claim fails.

## IV.   CONCLUSION

For all the foregoing reasons, Defendant Residential Credit Solutions, Inc. respectfully requests that the Court grant the Motion to Dismiss, with prejudice. Any potential amendment would be futile based on the admissions already made in the Complaint.

Dated:  June 25, 2014                                      AMSL LEGAL GROUP, LLP

                                                          By: /s/ Tanya C. McCullah
                                                              Tanya C. McCullah
                                                              Attorneys for Defendant,
                                                              RESIDENTIAL CREDIT
                                                              SOLUTIONS, INC.

NOTICE OF MOTION TO DISMISS AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

9